

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

January 26, 1972

Hon. J. W. Edgar
Commissioner of Education
Texas Education Agency
201 E. 11th Street
Austin, Texas 78701

Dear Dr. Edgar:

Opinion No. M-1055

Re: Questions relating to the
areas from which trustees
of the Dallas Independent
School District may be
elected

You have requested the opinion of this office on the above matter. In connection with your request you have furnished the following information:

"The Dallas Independent School District has a nine member school board. Currently six of which are elected on a place-member basis from six designated areas or districts within its confines (one from each district); the other three are elected at large. See Section 6 of Article 2783d, and Section 6a as amended in 1967. All qualified voters of the Dallas district may vote on candidates for each of the nine places.

"By resolution the Board of Trustees of the District has proposed (1) that each of its trustees be elected only by the qualified voters in the district-area from which he runs, except for the three elected at large who would be elected as before; or (2) in the alternative: that the Board of Trustees designate nine districts-areas, and that each trustee be elected only by the qualified voters in the district-area from which he runs. Under either of these proposed plans, the voting district-areas with the school district would (it is contemplated) have approximately the same number of population.

-5150-

"The Board of Trustees of the Dallas Independent School District has requested that I immediately obtain an opinion from the Office of Attorney General on the following submitted question:

"Legally, may either or both of these above proposed new plans be accomplished by resolution or action of the Board of Trustees of the Dallas Independent School District?"

In connection with your request, the following is quoted from Section 6 of Article 2783d*, Vernon's Civil Statutes:

"The Board of Education or Board of Trustees of such independent school district, after separation from municipal control, shall consist of nine (9) members, elected by the qualified voters of such school district, <u>six (6) of whom shall be elected from districts hereinafter provided to be created</u> and three (3) at large, and when elected shall serve for a term of three (3) years; the terms shall be so arranged that three (3) members will be elected annually at an election to be held on the first Saturday of April. The present members of the Board of Education of any such district shall, one hundred and twenty (120) days before the first Saturday in April, 1950, cause such school district to be divided into six (6) districts according to the population so that all such districts will have approximately the same population, and shall designate such districts, numbers one to six (1 to 6) inclusive. <u>From time to time the Board shall</u>

---

* This Article was not affected by adoption of the Texas Education Code; see Sec. 3 of the Code.

> have authority to change the boundaries of
> the six (6) districts so that the population
> in these districts may remain approximately
> equal. . . ."  (Emphasis added.)

The following is quoted from Section 6a of Article 2783d:

> "Candidates for election to said Board
> shall be nominated by a majority vote of the
> electors voting in such election, and in the
> event no candidate receives a majority of the
> votes cast therein the Board of Education,
> after canvassing the results thereof, shall
> cause the names of the two (2) candidates
> receiving the highest number of votes to be
> placed on the ballot to be voted upon at a
> special run-off election. . ."

You inform us that Article 2783d has been interpreted and applied by the district so that all qualified voters in the district may vote upon all of the candidates at each election, whether the candidates are running from designated districts or at large.

You ask whether the Trustees of the District may now change this interpretation so,

> ". . . (1) that each of its trustees be
> elected by the qualified voters in the district-
> area from which he runs, except for the three
> elected at large who would be elected as before;
> or (2) in the alternative:  that the Board of
> Trustees designate nine districts-areas, and
> that each trustee be elected only by the qual-
> ified voters in the district-area from which he
> runs. . . ."

The proposed action is clearly contrary to the provisions of Article 2783d as it has been interpreted and applied

-5152-

by these Trustees for the past four years and acquiesced in by all parties concerned. Under these circumstances we feel constrained to give this interpretation great weight. 53 Tex.Jur.2d 259-263, Statutes, Sec. 177.

Our opinion is that the Board of Trustees of the District may not now alter this interpretation nor act contrary to it.

### S U M M A R Y

The provisions of Art. 2783d, V.C.S., governing the election of trustees of Dallas Independent School District, may not be altered by any action of the Board of Trustees of the District nor may the Board legally act contrary to them.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Austin C. Bray, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Bart Boling
Brandon Bickett
Scott Garrison
Dan Green

Hon. J. W. Edgar, page 5,         (M-1055)


SAM McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant